## THE STATE v. H. WEDEMEYER.

All that a prisoner says on the subject matter at the time of making a confession is admissable; but the jury is at liberty to believe one part of the confession and disbelieve another.

In a prosecution for selling or giving spirituous liquor to a slave, the onus is upon the accused to show that such liquor was sold or given with the consent of the owner or person having charge of such slave.

APPEAL from the First District Court of New Orleans, *Robertson*, J. *Tappan*, District Attorney, for the State. *Collins*, for defendant and appellant.

VOORHIES, J. (MERRICK, C. J., absent.) The defendant is appellant from a sentence pronounced against him on a conviction for the offence of selling spirituous and intoxicating liquor to a slave, without the consent or authorization of the owner, or other person having lawful charge of said slave.

The grounds of defence relied upon for the reversal of the sentence are set forth in the following bill of exceptions:

" Be it remembered, that on the trial of this case, the accused, by his counsel, moved the court to charge the jury:

" That in a case where the only evidence against the accused is his confession, the confession cannot be divided against him by the jury, as in cases where other proof of other facts has been heard.

" That, if in this case the only proof be that the accused, in a *first* interview, stated to the witness, Recorder *Vaught*, out of his office, that the accused had a right to give liquor to the slave, because he had the permission of the master, and that in a second interview, the accused having produced the written consent of the master, was asked by the same witness whether the consent was written before giving the liquor, he did not answer, and evaded the question, these admissions could not be divided by the jury.

" Which charge the court refused to give, but instructed the jury that though the whole admission could not be divided *in the hearing of the testimony*, yet the jury might, *in considering their verdict*, believe a part and disbelieve the rest, or disbelieve the whole.

" And the court also charged the jury, that in conformity with the act of 1852, the onus was on the accused, to show that the consent of the master was given previous to the act confessed, or previous to the act of giving or selling liquor to the slave.

" *By the court :*

" The Court explained that the confessions of the accused could not be divided so as to allow one portion of it to go to the jury, and the other part to be excluded; but that the jury had *absolute control* over the admissions after they were allowed to go to the jury."

The judge, in our opinion, did not err. The consideration of the effect or sufficiency of the confession of the defendant belonged exclusively to the jury. In the proof of confessions the rule, as we understand it, and as it is also in civil cases in regard to admissions, is, that the whole of what the prisoner said on the subject, at the time of making the confession, should be taken together; as, where one part of a conversation is relied on as proof of a confession of the

STATE
v.
WEDEMEYER.

crime, the prisoner has a right to lay before the court the whole of what was said in that conversation. In the present case it appears that the whole of what the defendant said on the subject, at the time he made his confession, was laid before the jury. Under the rule, this was all that he could require. "But if, after the whole statement of the prisoner is given in evidence, the prosecutor, (says Greenleaf,) can contradict [any part of it, he is at liberty to do so; and then the whole testimony is left to the jury for their consideration, precisely as in other cases, where one part of the evidence is contradictory to another. For it is not to be supposed that all the parts of a confession are entitled to equal credit. The jury may believe that part which charges the prisoner, and reject that which is in his favor, if they see sufficient grounds for so doing. If what he said in his favor is not contradicted by evidence offered by the prosecutor, nor improbable in itself, it will naturally be believed by the jury; but they are *not bound* to give weight to it on that account, but *are at liberty* to judge of it like other evidence, by all the circumstances of the case." 1 Greenleaf on Evidence, § 218. Such appears to be the well-settled doctrine. Applied to the case at bar, it is evident that the jury believed that part of the defendant's confession which charged him with having sold, given and delivered intoxicating liquor to a slave, and rejected that which was in his favor—*i. e.*, that it was with the consent of the master. For it is clear, in a prosecution for this offence, where the proof of the selling or the giving of the intoxicating liquor to a slave is complete, the onus is upon the accused to show that such liquor was sold or given with the consent of the owner or person having charge of said slave.

It is therefore ordered and decreed that the judgment of the District Court be affirmed, with costs.